UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMES MCLIN

VERSUS

COMPANION LIFE INSURANCE
COMPANY

CIVIL ACTION

NO. 14-745-JJB-EWD

**RULING**

This matter is before the Court on a Motion for Summary Judgment (Doc. 8) brought by the defendant, Companion Life Insurance Company ("Companion"). The plaintiff, James McLin ("McLin"), filed an opposition (Doc. 11) and the defendant filed a reply brief (Doc. 12). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 8) is **DENIED**.

I.  **BACKGROUND**

The following facts are undisputed. On February 28, 2013, McLin submitted an online application for short-term health insurance to Companion. On March 3, 2013, Companion sent a letter to McLin explaining that Companion issued the short term policy. The letter also instructed McLin to download his policy documents, including the application, from a secured website using a username and password. At some point thereafter, McLin accessed the website and downloaded the insurance documents.

On July 16, 2013, which was during the six month effective period of McLin's March policy, McLin was involved in a motorcycle accident. McLin subsequently submitted a claim to Companion for coverage under the policy. During its investigation of this claim, Companion discovered that McLin received treatment at Baton Rouge Orthopedics in July 2012, where he was

1

diagnosed with degenerative disc disease. The parties dispute whether McLin was aware of this diagnosis at the time he submitted his application for insurance.

Question 3 of the application for insurance, which McLin submitted to Companion, asked whether McLin was diagnosed or treated for degenerative disc disease within the last 5 years. McLin responded, "no." The application also stated that coverage could not be issued if the applicant answered "yes" to questions 1 through 4. According to Companion, McLin's negative response to Question 3 was incorrect and false in light of his July 2012 diagnosis, and McLin knew this at the time he completed the application. For this reason, Companion terminated McLin's policy on December 11, 2013.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). If, once the non-moving party has been given the opportunity to raise a genuine

fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III.    DISCUSSION**

Because federal jurisdiction is grounded on diversity of citizenship, Louisiana insurance law governs this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The applicable Louisiana statute provides:

> B. In any application for life, annuity, or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract *unless either one of the following is true* as to the applicant's statement:
>
>> (1) The false statement was made with actual intent to deceive.
>>
>> (2) The false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer under the policy.

La. R.S. § 22:860[1] (emphasis added). In its motion for summary judgment, Companion argues that the plain language of La. R.S. § 22:860 is unambiguous—an insurer must show *either* (1) intent to deceive, *or* (2) materiality. *Def.'s Reply* 4, Doc. 12. According to Companion, because the statute is clear and unambiguous, the law should be applied as written. *Id.* Although Companion's interpretation is supported by the text of the statute,[2] numerous courts interpret the statute as requiring both (1) intent to deceive, *and* (2) materiality.

---

[1] La. R.S. § 22:860 was formerly cited as La. R.S. § 22:619. Pursuant to Act No. 415 of 2008, the Louisiana legislature redesignated and renumbered La. R.S. § 22:619 as La. R.S. § 22:860, effective January 1, 2009.

[2] "A literal reading of the statutory provisions would suggest that the insurer could escape liability by demonstrating that misstatements of fact were made in the application, and that the misstatements were either (1) made with an intent to deceive *or* (2) materially affected risk acceptance or increase the risk accepted." William Shelby McKenzie & H. Alston Johnson, 15 LA. CIV. L. TREATISE, Insurance Law & Practice § 9:8 (4th ed.). However, interpreting the predecessor to this statute, La. R.S. § 22:619(B), "the judiciary ignored the disjunctive nature of this requirement and has instead read it in the conjunctive." *Id.*

3

Despite the presence of the disjunctive "or" in the statute, Louisiana courts consistently held § 22:619,[3] required an insurer seeking to rescind a policy based upon misrepresentations in the application to prove both (1) that the false statements were made with actual intent to deceive, *and* (2) the misstated facts were material to the insurer's risk.[4] After the statute was amended in 2008, Louisiana courts, as well as federal district courts in Louisiana, continued to interpret now § 22:860 in the conjunctive.[5]

Here, there is a genuine issue of material fact regarding whether McLin intended to deceive Companion by answering "no" to Question 3. According to McLin, he was not aware that the July 2012 doctor visit indicated that he had degenerative disc disease. *McLin Aff.* ¶ 9, Doc. 11-2.

---

[3] La. R.S. § 22:619(B) provided: "In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive *or* unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." *Trahan v. Sec. Life & Trust Co.*, 199 So. 2d 617, 620 (La. Ct. App. 1967) (emphasis added).

[4] *See, e.g.*, *Coleman v. Occidental Life Ins. Co. of N.C.*, 418 So. 2d 645, 646 (La. 1982) ("The statute requires that a false statement bars recovery only if it is made with the intent to deceive or it materially affects the risk. Louisiana jurisprudence requires both factors."); *Gay v. United Ben. Life Ins. Co.*, 96 So. 2d 497, 499 (La. 1957) (holding that despite including the "or," the drafters of La. R.S. 22:619(B) were "merely attempting to express the courts' holding to the effect that in order to vitiate a policy a misstatement must have been made fraudulently or with the intent to deceive,—that is (or), knowing it to be untrue and believing it to be material to the risk (or of such nature that it would be only reasonable to assume that he must have believed that it was material)"); *Swain v. Life Ins. Co. of La.*, 537 So. 2d 1297, 1299 (La. Ct. App. 1989) ("For an insurer to avoid liability on the grounds of misrepresentation in a life insurance application, it must establish that false statements were made with an actual intent to deceive and that the misstatements materially affected the risk assumed by the insurer."); *Trahan*, 199 So. 2d at 620 ("The settled jurisprudence of this state is that an insurer cannot avoid liability on a life insurance policy on the ground that false statements were made in the application unless the insurer establishes: (1) That the false statements were made with actual intent to deceive; and (2) that the facts misstated were material.").

[5] *See, e.g.*, *Shepherd v. Geovera Specialty Ins. Servs., Inc.*, Civil Action No. 14-862, 2015 WL 1012994, at *2 (E.D. La. Mar. 5, 2015) ([The insurer] bears the burden of proving that [the insured] misrepresented a material fact *with the intent to deceive*."); *Smith v. Liberty Life Ins. Co.*, Civil Action No. 11-3171, 2012 WL 6162757, at *2 (E.D. La. Dec. 11, 2012) ("It is well-settled that an insurer seeking to invoke this affirmative defense has the burden of proving three elements: (1) that the insured made a false statement in his insurance application; (2) that the false statement was material; and (3) that the insured's false statement was made with an "intent to deceive" the insurer.") (citing *State Farm Mut. Auto. Ins. Co. v. Bridges*, 36 So. 3d 1142, 1146 (La. Ct. App. 2010)); *Grenoble House Hotel v. Hanover Ins. Co.*, Civil Action No. 06-8840, 2010 WL 2985789, at *2 (E.D. La. July 26, 2010) ("[U]nder Louisiana law, for a misrepresentation to avoid coverage under an insurance policy, the insurer bears the burden of establishing all of the following: "(1) the statements made by the insured were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements materially affected the risk assumed by the insurer.") (quoting *Dean v. State Farm Mut. Auto. Ins. Co.*, 975 So. 2d 126, 132 (La. Ct. App. 2008)); *Kahl v. Chevalier*, __ So. 3d __, 2016 WL 1130036, at *9 (La. Ct. App. Mar. 23, 2016).

Companion argues that McLin had the intent to deceive because the application was clear that answering "yes" to Question 3 would preclude him from coverage under the policy. Based on the scant evidence provided at summary judgment, no reasonable juror could find that McLin acted with the requisite intent to deceive when completing the insurance application. Therefore, summary judgment is inappropriate at this time.[6]

### IV.   CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 8) is **DENIED.**

Signed in Baton Rouge, Louisiana, on May 13, 2016.

    _____
    **JUDGE JAMES J. BRADY**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**

---

[6] Because this issue is dispositive, the Court need not address other issues raised in the parties' briefs, including the admissibility of various pieces of evidence presented by Companion in its motion.